UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RASHANE L. JONES
Plaintiff,

v. Case No. 2:26-cv-3061-SPC-KRH

SENIOR DENTIST JEFFREY P. MILES, CENTURION OF FLORIDA, and MICHELLE HALL

DefendantS.
_________________________________/

**ORDER**

Plaintiff Rashane L. Jones initiated this action by filing a *pro se* civil rights complaint. (Doc. 1.) Jones is a prisoner at the Dade Correctional Facility. He generally complains that he received constitutionally inadequate dental care while he was incarcerated at Charlotte Correctional Institution.[1]

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal court] . . . that was dismissed on the

---

[1] Jones does not seek leave to proceed in forma pauperis. Instead, he asserts that his mother or sister will pay the fee "as soon as it is shown that the Court and Clerk has filed and viewed the document." (Doc. 2 at 1.) But a prisoner who is no longer entitled to proceed as a pauper must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.").

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted).) And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax*, 140 S. Ct. at 1727.

The Court takes judicial notice of other lawsuits brought by Jones that were dismissed for failing to state claim upon which relief may be granted: (1) *Jones v. Moody*, 3:14-cv-1505HLA-JK (M.D. Fla.) (failure to state a claim); (2) *Jones v. Brown*, *et al.*, 3:17-cv-967-BJD-JBT (M.D. Fla.) (frivolous); (3) *Jones v. Mason*, 3:24-cv-1319-WWB-LLL (M.D. Fla.) (failure to state a claim); and (4) *Jones v. R.M.C. Nurse*, 3:24-cv-1320-MMH-SJH (M.D. Fla.) (failure to state a claim). Because Jones has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. He may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405.00 filing fee.

Accordingly, it is **ORDERED:**

1. Jones' complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**ENTERED** in Fort Myers, Florida on November 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2